UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>BRUCE AUSTIN WATKINS,<br><br>Defendant/Movant. | No. 2:13-cr-0268 MCE AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner, brings a pro se challenge to his sentence under 28 U.S.C. § 2255. ECF No. 59. Movant seeks a sentence reduction based on Amendment 801 to the U.S. Sentencing Guidelines. Id. The United States opposes the motion. ECF No. 69. The matter has been referred to the undersigned by the assigned district judge. ECF No. 62.

I. BACKGROUND

On August 8, 2013, Mr. Watkins was indicted on a single count of receiving child pornography. ECF No. 1. He pled guilty to that charge on December 3, 2013, pursuant to a written plea agreement. ECF Nos. 23, 25. The stipulated Guidelines calculations included an age enhancement under § 2G2.2(b)(2), an enhancement for sadistic content under § 2G2.2(b)(4), and a vulnerable victim adjustment under § 3A1.1(b)(1). ECF No. 25. The plea agreement also included a waiver of appeal and collateral attack. Id. Specifically, movant waived the right to challenge his sentence as long as it did not exceed 188 months. Id.

1

On May 28, 2014, movant was sentenced to 90 months imprisonment and 120 months supervised release. ECF No. 36. He did not appeal. This is Watkins' first challenge to the sentence, and it was filed over two years after his conviction became final but within a year of Amendment 801's effective date.

II. AMENDMENT 801

At the time of petitioner's sentencing, the law of this Circuit permitted a child pornography defendant who received an age enhancement under § 2G2.2(b)(2) to also receive a vulnerable victim adjustment under § 3A1.1(b)(1) when the victim is an infant or toddler. See United States v. Wright, 373 F.3d 935, 943 (9th Cir. 2004). Other Courts of Appeals disagreed. See, e.g., United States v. Dowell, 771 F.3d 162, 174-75 (4th Cir. 2014) (holding that the enhancement and adjustment cannot be applied simultaneously where the basis for the vulnerable victim adjustment relates to age). The U.S. Sentencing Commission resolved the issue by amending the child pornography Guidelines via Amendment 801, which became effective on November 1, 2016.

The Amendment expressly accounts for infant and toddler victims by adding a basis for application of the four-level "sadistic or masochistic" enhancement to cases involving such victims. See U.S.S.G. § 2G.2(b)(4) (2016) ("If the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler, increase by 4 levels."). The Sentencing Commission also added a new application note to § 2G2.2 that provides, "If subsection (b)(4)(B) applies, do not apply § 3A1.1(b)." U.S.S.G. § 2G2.2 cmt. n.4 (2016).

III. LEGAL STANDARDS

A sentencing court may "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for relief under § 2255 must be based on a constitutional or jurisdictional error, "'a fundamental defect which inherently results in a complete miscarriage of justice,'" or a proceeding "'inconsistent with the rudimentary demands of fair procedure.'" United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (quoting Hill v. United States, 368 U.S.

424, 428 (1962)). A district court may deny a § 2255 motion summarily if "the petitioner fails to allege facts which, if true, would entitle him to relief, or the petition, files and record of the case conclusively show that he is entitled to no relief." United States v. Rodriguez-Vega, 797 F.3d 781, 792 (9th Cir. 2015); see 28 U.S.C. § 2255(b); United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's [§ 2255] motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

## IV. MOVANT'S CLAIM IS NOT COGNIZABLE UNDER § 2255

Collateral review under section 2255 does not encompass all claimed errors in sentencing. If a petition does not allege lack of jurisdiction or a constitutional violation, legal error will not provide a basis for habeas relief unless the error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure. Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (citations omitted). The Ninth Circuit has clearly stated that a "district court's failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice" and therefore does not support the exercise of § 2255 jurisdiction. Id. at 764. Accordingly, a request for retroactive application of a post-sentencing Amendment to the Guidelines does not provide a basis for § 2255 relief. Id. (holding that the district court lacked authority to resentence the defendant under §2255 where "[the defendant]'s contention below—that he be resentenced in light of Amendment 433—raised neither a claim of constitutional nor jurisdictional error").

As in Hamilton, movant's contention that he should be resentenced in light of an Amendment to the Guidelines raises neither a claim of constitutional nor jurisdictional error. Accordingly, movant's claim is not cognizable under § 2255, and the Court lacks authority to resentence Defendant under § 2255 on the basis presented.[1]

////

////

---

[1] The government also argues that the § 2255 motion is both untimely and barred by the plea agreement's waiver of collateral attack. Because the claim is not cognizable on its face, the court need not consider whether any exception to the timeliness or waiver rules might apply.

1  V.   CONSTRUING THE MOTION AS A REQUEST FOR RESENTENCING UNDER
2        18 U.S.C. § 3582 WOULD BE FUTILE

The court could construe the pro se motion as a request for resentencing under 18 U.S.C. § 3582, which provides in pertinent part that:

> . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2).

However, it is readily apparent that movant would not be entitled to relief under this provision. The applicable policy statement, U.S.S.G. § 1B1.10, provides that a defendant's sentence may be lowered if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below," but that no reduction is allowed if "[n]one of the amendments listed in subsection (d) is applicable to defendant, or [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

Amendment 801 is not listed in §1B1.10(d). Where a Guidelines Amendment is not listed in §1B1.10(d), the district court may not apply it retroactively. United States v. Cueto, 9 F. 3d 1438, 1440-41 (9th Cir. 1993). Accordingly, the relief that movant seeks is not available under 18 U.S.C. § 3582. Accordingly, construing the instant § 2255 motion as one brought under the sentencing statute would be futile. Regardless of the vehicle used to bring his claim, Watkins is not entitled to resentencing in light of Amendment 801, as a matter of law.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 59, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: August 7, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE